UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

PATRICIA E. SLATTERY, and
MICHAEL B. SLATTERY,
    Plaintiffs,

v.

RICHARD HOWSE, TRAVELERS
TRANSPORTATION SERVICE, INC., and
KINGSWAY GENERAL INSURANCE
COMPANY,
    Defendants

04-30209-MAP
CIVIL ACTION NO.

FILING FEE PAID:
RECEIPT # 305763
AMOUNT $ 150.00
BY DPTY CLK _MCA_
DATE 10/26/04

## NOTICE OF REMOVAL

The defendant, Kingsway General Insurance Company ("Kingsway") hereby notices the removal of the following described action from the Hampshire Superior Court ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. The defendant respectfully submits the following grounds for removal:

I.

The plaintiffs, Patricia E. Slattery and Michael B. Slattery filed suit against the defendants on September 17, 2004, in a suit entitled Patricia E. Slattery, et al v. Richard Howse, et al, in Hampshire Superior Court (Hampshire County), Massachusetts ("State Court action"). A copy of the Complaint ("Complaint") is attached hereto as Exhibit A.

II.

Kingsway received a copy of the Complaint and Summons on October 7, 2004, via registered mail. Upon information and belief, the defendants, Richard Howse ("Howse") and Travelers Transportation Service, Inc. ("Travelers") have not yet been served. In any event, none

31034.1

of the defendants have filed a responsive pleading to the Complaint, and the defendant has not received any other pleadings or orders in the State Court action. To the defendant's knowledge, with the exception of the filing of the Complaint, there have been no further proceedings in the State Court action.

### III.

Kingsway was served with the Complaint on October 7, 2004. This Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

### IV.

According to the Civil Action Cover Sheet, which accompanied the Complaint, the plaintiffs claimed damages are in excess of $75,000. See Exhibit A. The plaintiff seeks damages from the defendants based on theories of negligence, negligent entrustment and violations of Mass. Gen. Laws Chapters 93A and 176D. The nature of the allegations are stated in the Complaint, attached hereto as Exhibit A. The defendant denies that it was negligent or violated these statutes. The defendant further states that it has valid defenses to the allegations contained in the Complaint.

### V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

### VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Florida, with a residence at 19784 SW 93 Lane, Dunnellon, Florida. Howse is a citizen of Canada, with a residence at 28 Salisbury Road RR7, Belleville, Ontario, Canada. Travelers is a Canadian corporation with a principal place of business at 195 Heart Lake Road South, Brampton, Ontario, Canada. Kingsway is a

Canadian corporation with a principal place of business at 5310 Explorer Drive, Mississauga, Ontario, Canada. The amount in controversy, in the event that the plaintiffs were to prevail on their claims, exceeds $75,000, jointly or severally, exclusive of interest and costs.

### VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

### VIII.

Howse, Travelers and Kingsway are the only defendants in this matter.

### IX.

A list of counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

### X.

The defendant appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

### XI.

Promptly after filing this Notice of Removal of the State Court action, the defendant will give written notice of such filing to the plaintiffs and file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

31034.1

WHEREFORE, the defendant, Kingsway General Insurance Company prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 25th day of October 2004.

Respectfully Submitted,

KINGSWAY GENERAL INSURANCE COMPANY,

By their attorneys,

_____
Maynard M. Kirpalani, BBO# 273949
Christopher P. Flanagan, BBO# 567075
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 25th day of October 2004, served a copy of the foregoing upon counsel of record by mailing same postage prepaid.

_____
Christopher P. Flanagan

31034.1

EXHIBIT A

COMPLAINT AND CIVIL ACTION COVER SHEET

31038.1

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS                                    HAMPSHIRE SUPERIOR COURT
                                                 CIVIL ACTION NO.
                                                      04 221

PATRICIA E. SLATTERY, and
MICHAEL B. SLATTERY,
    Plaintiffs,

                                                 COMPLAINT
v.

RICHARD HOWSE,
TRAVELERS TRANSPORTATION SERVICE, INC., and
KINGSWAY GENERAL INSURANCE COMPANY,
    Defendants.

## PARTIES

1. The Plaintiffs, Patricia E. Slattery and Michael B. Slattery, are adults, married to each other and residing at 19784 SW 93 Lane, Dunnellon, Florida.

2. The Defendant, Richard Howse, through information and belief, is an adult residing at 28 Salisbury Road RR7, Belleville, Ontario, Canada.

3. The Defendant, Travelers Transportation Service, Inc. (hereafter "Travelers Transportation Service"), is a Canadian corporation with its usual place of business at 195 Heart Lake Road South, Brampton, Ontario, Canada.

4. The Defendant, Kingsway General Insurance Company, is a Canadian corporation with its usual place of business at 5310 Explorer Drive, Mississauga, Ontario, Canada.

## FACTS

5. The Plaintiff, Patricia E. Slattery, says that on or about July 30, 2002, at approximately 1:15 a.m., she was operating her motor vehicle, on Interstate Route 91 South in Northampton, County of Hampshire, Commonwealth of Massachusetts.

6. The Plaintiff, Patricia E. Slattery, says that at the same time and place the Defendant, Richard Howse, so negligently operated a motor vehicle that it collided with the rear of the motor vehicle operated by the Plaintiff.

7. The collision was witnessed by Plaintiff Michael B. Slattery, who was traveling behind Plaintiff Patricia E. Slattery in another vehicle.

8. At the time of the collision, the Defendant, Richard Howse, was operating a Freightliner tractor-trailer owned by the Defendant, Travelers Transportation Service.

9. At the time of the collision, the Defendant, Richard Howse, was an employee of the Defendant, Travelers Transportation Service.

10. As the result of the Defendant Richard Howse's negligence, the Plaintiff, Patricia E. Slattery, was injured in both mind and body and incurred medical and hospital bills in excess of $2,000.00, all to her great damage.

11. As the result of the Defendant Richard Howse's negligence, the Plaintiff, Michael B. Slattery, suffered loss of consortium, all to his great damage.

12. On May 7, 2004, Plaintiffs forwarded a written demand for relief pursuant to Massachusetts General Laws Chapters 93A and 176D to the Defendant, Kingsway General Insurance Company (See enclosed demand letter, Exhibit 1).

13. Defendant, Kingsway General Insurance Company, failed to adequately respond to Plaintiffs' Massachusetts General Laws Chapters 93A and 176D demand and failed make any offer of settlement (See correspondence form Kingsway General Insurance Company (Exhibit 2).

14. The Plaintiffs have satisfied all requirements of presentment of their claims under Massachusetts General Laws Chapters 93A and 176D.

15. The acts of the Defendant, Kingsway General Insurance Company, were unfair and deceptive in violation of Massachusetts General Laws Chapter 93A.

16. The acts of the Defendant, Kingsway General Insurance Company, were willful and knowing in violation of Massachusetts General Laws Chapter 93A.

17. The failure of Defendant, Kingsway General Insurance Company, to make a reasonable offer of settlement is a willful and knowing violation of Massachusetts General Laws Chapters 93A and 176D were unfair and deceptive in violation of those acts.

### Count I - Patricia E. Slattery v. Richard Howse

18. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

19. Defendant, Richard Howse, negligently and carelessly operated a motor vehicle so as to cause injury to the Plaintiff, Patricia E. Slattery.

20. As a direct and proximate result of Defendant Richard Howse's actions, Plaintiff, Patricia E. Slattery, sustained substantial harm including, but not limited to, personal injury, significant medical expenses for said injuries, and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Patricia E. Slattery, demands judgment against the Defendant, Richard Howse, in an amount to be determined by the Court to be fair and reasonable to compensate her for her injuries together with interest and costs.

### Count II - Patricia E. Slattery v. Travelers Transportation Service

21. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

22. Defendant, Travelers Transportation Service, through its agents, employees, or servants negligently and carelessly operated its motor vehicle so as to cause injury to the Plaintiff, Patricia E. Slattery.

23. As a direct and proximate result of Defendant, Travelers Transportation Service's actions, Plaintiff, Patricia E. Slattery, sustained substantial harm including, but not limited to, personal injury, significant medical expenses for said injuries, and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Patricia E. Slattery, demands judgment against the Defendant, Travelers Transportation Service, in an amount to be determined by the Court to be fair and reasonable to compensate her for her injuries together with interest and costs.

### Count III - Michael B. Slattery v. Richard Howse

24. Plaintiff, Michael B. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

25. Defendant, Richard Howse, negligently and carelessly operated a motor vehicle so as to cause injury to the Plaintiff, Michael B. Slattery.

26. As a direct and proximate result of Defendant Richard Howse's actions, Plaintiff, Michael B. Slattery, sustained substantial harm including, but not limited to, loss of consortium and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Michael B. Slattery, demands judgment against the Defendant, Richard Howse, in an amount to be determined by the Court to be fair and reasonable to compensate him for his injuries together with interest and costs.

### Count IV – Michael B. Slattery v. Travelers Transportation Service

27. Plaintiff, Michael B. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

28. Defendant, Travelers Transportation Service, through its agents, employees, or servants negligently and carelessly operated its motor vehicle so as to cause injury to the Plaintiff, Michael B. Slattery.

29. As a direct and proximate result of Defendant, Travelers Transportation Service's actions, Plaintiff, Michael B. Slattery, sustained substantial harm including, but not limited to, loss of consortium and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Michael B. Slattery, demands judgment against the Defendant, Travelers Transportation Service, in an amount to be determined by the Court to be fair and reasonable to compensate him for his injuries together with interest and costs.

### Count V – Patricia E. Slattery v. Travelers Transportation Service for Negligent Entrustment

30. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

31. Defendant, Travelers Transportation Service, failed to exercise due care in entrusting the Defendant Richard Howse with a company vehicle.

32. As a direct and proximate result of Defendant Travelers Transportation Service's actions Plaintiff, Patricia E. Slattery, sustained substantial harm including, but not limited to, personal injury, significant medical expenses for said injuries, and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Patricia E. Slattery, demands judgment against the Defendant, Travelers Transportation Service, in an amount to be determined by the Court to be fair and reasonable to compensate her for her injuries together with interest and costs.

### Count VI - Michael B. Slattery v. Travelers Transportation Service for Negligent Entrustment

33. Plaintiff, Michael B. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

34. Defendant, Travelers Transportation Service, failed to exercise due care in entrusting the Defendant, Richard Howse, with a company vehicle.

35. As a direct and proximate result of Defendant Travelers Transportation Service's actions, Plaintiff, Michael B. Slattery, sustained substantial harm including, but not limited to, loss of consortium and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Michael B. Slattery, demands judgment against the Defendant, Travelers Transportation Service, in an amount to be determined by the Court to be fair and reasonable to compensate him for his injuries together with interest and costs.

### Count VII - Patricia E. Slattery v. Defendant, Kingsway General Insurance Company for violations of Massachusetts General Laws Chapters 93A and 176D

36. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

WHEREFORE, this is an action by the Plaintiff, Patricia E. Slattery, against the Defendant, Kingsway General Insurance Company, for violation of Massachusetts General Laws Chapters 93A and 176D. Plaintiff, Patricia E. Slattery, demands judgment against Defendant, Kingsway General Insurance Company, in the amount of their damages, together with multiple damages in accordance with Massachusetts General Laws Chapters 93A Section 9, and together with attorney fees, interest and costs as permitted by law.

### Count VIII - Michael B. Slattery v. Defendant, Kingsway General Insurance Company for violations of Massachusetts General Laws Chapters 93A and 176D

37. Plaintiff, Michael B. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

WHEREFORE, this is an action by the Plaintiff, Michael B. Slattery, against the Defendant, Kingsway General Insurance Company, for violation of Massachusetts General Laws Chapters 93A and 176D. Plaintiff, Michael B. Slattery, demands judgment against Defendant, Kingsway General Insurance Company, in the amount of their damages, together with multiple damages in accordance with Massachusetts General

Laws Chapters 93A Section 9, and together with attorney fees, interest and costs as permitted by law.

September 14, 2004

Respectfully submitted,
By their attorney,

Neil Burns, BBO #546051
Keith Slattery, BBO #652499
Law Office of Neil Burns
Six Beacon Street, Suite 600
Boston, Massachusetts 02108
(617) 227-7423

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|
| PLAINTIFF(S) Patricia E. Slattery and Michael B. Slattery | | DEFENDANT(S) Richard Howse, Travelers Transportation Service, Inc., and Kingsway General Insurance Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 227-7423 Neil Burns, Law Office of Neil Burns 6 Beacon Street, Suite 600, Boston, MA 02108 Board of Bar Overseers number: 652499 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. **B03** TYPE OF ACTION (specify) **MVA Personal Injury** TRACK **(F)** IS THIS A JURY CASE? ( ) Yes (X) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............. $30,000.00
2. Total Doctor expenses ............... $5,000.00
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses ..... $5,000.00
5. Total other expenses (describe) Braces, Medicine .... $2,000.00
   Subtotal $42,000.00
B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ...................... $8,000.00
D. Reasonably anticipated future medical and hospital expenses .. $25,000.00
E. Reasonably anticipated lost wages ......................... $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Permanent disabling nerve, back, hip injury, among others
   $500,000.00
   TOTAL $575,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record DATE: 7/16/07

AOTC-6 mtv/005-11/99

EXHIBIT B
ALL COUNSEL OF RECORD

1. COUNSEL FOR PLAINTIFFS, PATRICIA E. SLATTERY AND MICHAEL B. SLATTERY:

   Neil Burns, Esq.
   Keith Slattery, Esq.
   Law Office of Neil Burns
   Six Beacon Street, Suite 600
   Boston, Massachusetts 02108
   (617) 227-7423

2. COUNSEL FOR DEFENDANTS, RICHARD HOWSE, TRAVELERS TRANSPORTATION SERVICE, INC. AND KINGSWAY GENERAL INSURANCE COMPANY:

   Maynard M. Kirpalani
   Christopher P. Flanagan
   WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER
   155 Federal Street
   Boston, MA 02110
   (617) 422-5300

31037.1

EXHIBIT C
MATTERS FILED WITH NOTICE OF REMOVAL

1. Complaint, Summons and Civil Action Cover Sheet.

31035.1