UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA E. SLATTERY, and<br>MICHAEL B. SLATTERY,<br>    Plaintiffs,<br><br>v.<br><br>RICHARD HOWSE, TRAVELERS<br>TRANSPORTATION SERVICE, INC., and<br>KINGSWAY GENERAL INSURANCE<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 04-30209-MAP |

**ANSWER AND JURY DEMAND OF DEFENDANTS,
TRAVELERS TRANSPORTATION SERVICE, INC.
AND KINGSWAY GENERAL INSURANCE COMPANY**

**PARTIES**

1.  The defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2.  The defendants admit the allegations contained in paragraph 2 of the Complaint.

3.  The defendants admit the allegations contained in paragraph 3 of the Complaint.

4.  The defendants admit the allegations contained in paragraph 4 of the Complaint.

**FACTS**

5.  The defendants admit the allegations contained in paragraph 5 of the Complaint.

6.  The defendants deny the allegations contained in paragraph 6 of the Complaint.

7.  The defendants lack sufficient information to either admit or deny the allegations contained in paragraph 7 of the Complaint.

8.  The defendants admit the allegations contained in paragraph 8 of the Complaint.

9.  The defendants admit the allegations contained in paragraph 9 of the Complaint.

31039.1

10. The defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The defendants admit that the plaintiffs sent a purported demand letter to the defendant, Kingsway General Insurance Company, on or about May 7, 2004. The defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. The defendants admit that the defendant, Kingsway General Insurance Company did not make a settlement offer in response to the purported demand letter. The defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. The defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The defendants deny the allegations contained in paragraph 15 of the Complaint. .

16. The defendants deny the allegations contained in paragraph 16 of the Complaint.

17. The defendants deny the allegations contained in paragraph 17 of the Complaint.

## COUNT I

18. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

19. The defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The defendants deny the allegations contained in paragraph 20 of the Complaint.

## COUNT II

21. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

22. The defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The defendants deny the allegations contained in paragraph 23 of the Complaint.

## COUNT III

24. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

25. The defendants deny the allegations contained in paragraph 25 of the Complaint.

26. The defendants deny the allegations contained in paragraph 26 of the Complaint.

## COUNT IV

27. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

28. The defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The defendants deny the allegations contained in paragraph 29 of the Complaint.

## COUNT V

30. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

31. The defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The defendants deny the allegations contained in paragraph 32 of the Complaint.

## COUNT VI

33. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

34. The defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The defendants deny the allegations contained in paragraph 35 of the Complaint.

## COUNT VII

36. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

## COUNT VIII

37. The defendants repeat and incorporate by reference herein, their answers to the preceding paragraphs of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiffs' Complaint is barred due to insufficient process and insufficient service of process.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff was negligent, that the negligence of the plaintiff equaled or exceeded any negligence of the defendants, and therefore the plaintiffs may not recover.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants state that if the plaintiffs were injured, which the defendants deny, said injuries were caused by a party or parties over whom the defendants had no control.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if the plaintiffs were injured, which the defendants deny, said injuries were caused by a party or parties for whom the defendants have no legal responsibility.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants deny that they are liable or indebted to the plaintiffs in any way or manner.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that they are exempt from liability to the plaintiff under the provisions of Massachusetts General Laws, Chapter 90, Section 34M.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiff is not entitled to recover damages for pain and suffering under Massachusetts General Laws, Chapter 231, Section 6D(1-5).

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the Complaint fails to state a claim for which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiff's negligence was greater than the alleged negligence of the defendants, and that such negligence of the plaintiff contributed to the plaintiff's alleged injuries and, therefore, the plaintiff is barred from recovery under M.G.L.c.231, § 85. In the alternative, the plaintiff's recovery, if any, must be diminished in accordance with M.G.L. c. 231, § 85 by the proportion of negligence, which is attributable to the plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that their conduct was not the proximate cause of any damage allegedly sustained by the plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiffs failed to mitigate their damages and are therefore barred from recovery.

31039.1

**TWELVTH AFFIRMATIVE DEFENSE**

And further answering, to the extent that the plaintiffs suffered any damages it was a result of a superseding and or intervening cause for which the defendants are not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiffs failed to comply with the demand requirements of Mass. Gen. Laws Chapter 93A, § 9, and are therefore barred from recovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiffs' claims for violation of Mass. Gen. Laws Chapter 93A are barred as any injury or damage was not caused by any alleged unfair deceptive act or practice.

**FIFTEENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants state that the plaintiffs' claims for violation of Mass. Gen. Laws Chapter 93A are barred as the plaintiffs' purported demand letter and the pleadings improperly fail to provide sufficient notice regarding the totality of the plaintiffs' claims.

**WHEREFORE**, the defendants demand that judgment enter in their favor and against the plaintiffs, with costs and attorney's fees.

**JURY DEMAND**

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

31039.1

TRAVELERS TRANSPORTATION SERVICE, INC., and KINGSWAY GENERAL INSURANCE COMPANY,

By their attorneys,

/s/ Christopher P. Flanagan
Maynard M. Kirpalani, BBO# 273949
Christopher P. Flanagan, BBO# 567075
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: October 29, 2004

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 29th day of October 2004, served a copy of the foregoing upon counsel of record by mailing same postage prepaid.

/s/ Christopher P. Flanagan
Christopher P. Flanagan

31039.1