04 221

## COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS            HAMPSHIRE SUPERIOR COURT
CIVIL ACTION NO.

PATRICIA E. SLATTERY, and
MICHAEL B. SLATTERY,
    Plaintiffs,

**COMPLAINT**

v.

RICHARD HOWSE,
TRAVELERS TRANSPORTATION SERVICE, INC., and
KINGSWAY GENERAL INSURANCE COMPANY,
    Defendants.

### PARTIES

1. The Plaintiffs, Patricia E. Slattery and Michael B. Slattery, are adults, married to each other and residing at 19784 SW 93 Lane, Dunnellon, Florida.

2. The Defendant, Richard Howse, through information and belief, is an adult residing at 28 Salisbury Road RR7, Belleville, Ontario, Canada.

3. The Defendant, Travelers Transportation Service, Inc. (hereafter "Travelers Transportation Service"), is a Canadian corporation with its usual place of business at 195 Heart Lake Road South, Brampton, Ontario, Canada.

4. The Defendant, Kingsway General Insurance Company, is a Canadian corporation with its usual place of business at 5310 Explorer Drive, Mississauga, Ontario, Canada.

### FACTS

5. The Plaintiff, Patricia E. Slattery, says that on or about July 30, 2002, at approximately 1:15 a.m., she was operating her motor vehicle, on Interstate Route 91 South in Northampton, County of Hampshire, Commonwealth of Massachusetts.

6. The Plaintiff, Patricia E. Slattery, says that at the same time and place the Defendant, Richard Howse, so negligently operated a motor vehicle that it collided with the rear of the motor vehicle operated by the Plaintiff.

7. The collision was witnessed by Plaintiff Michael B. Slattery, who was traveling behind Plaintiff Patricia E. Slattery in another vehicle.

8. At the time of the collision, the Defendant, Richard Howse, was operating a Freightliner tractor-trailer owned by the Defendant, Travelers Transportation Service.

9. At the time of the collision, the Defendant, Richard Howse, was an employee of the Defendant, Travelers Transportation Service.

10. As the result of the Defendant Richard Howse's negligence, the Plaintiff, Patricia E. Slattery, was injured in both mind and body and incurred medical and hospital bills in excess of $2,000.00, all to her great damage.

11. As the result of the Defendant Richard Howse's negligence, the Plaintiff, Michael B. Slattery, suffered loss of consortium, all to his great damage.

12. On May 7, 2004, Plaintiffs forwarded a written demand for relief pursuant to Massachusetts General Laws Chapters 93A and 176D to the Defendant, Kingsway General Insurance Company (See enclosed demand letter, Exhibit 1).

13. Defendant, Kingsway General Insurance Company, failed to adequately respond to Plaintiffs' Massachusetts General Laws Chapters 93A and 176D demand and failed make any offer of settlement (See correspondence form Kingsway General Insurance Company (Exhibit 2).

14. The Plaintiffs have satisfied all requirements of presentment of their claims under Massachusetts General Laws Chapters 93A and 176D.

15. The acts of the Defendant, Kingsway General Insurance Company, were unfair and deceptive in violation of Massachusetts General Laws Chapter 93A.

16. The acts of the Defendant, Kingsway General Insurance Company, were willful and knowing in violation of Massachusetts General Laws Chapter 93A.

17. The failure of Defendant, Kingsway General Insurance Company, to make a reasonable offer of settlement is a willful and knowing violation of Massachusetts General Laws Chapters 93A and 176D were unfair and deceptive in violation of those acts.

### Count I - Patricia E. Slattery v. Richard Howse

18. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

19. Defendant, Richard Howse, negligently and carelessly operated a motor vehicle so as to cause injury to the Plaintiff, Patricia E. Slattery.

20. As a direct and proximate result of Defendant Richard Howse's actions, Plaintiff, Patricia E. Slattery, sustained substantial harm including, but not limited to, personal injury, significant medical expenses for said injuries, and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Patricia E. Slattery, demands judgment against the Defendant, Richard Howse, in an amount to be determined by the Court to be fair and reasonable to compensate her for her injuries together with interest and costs.

### Count II - Patricia E. Slattery v. Travelers Transportation Service

21. Plaintiff, Patricia E. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

22. Defendant, Travelers Transportation Service, through its agents, employees, or servants negligently and carelessly operated its motor vehicle so as to cause injury to the Plaintiff, Patricia E. Slattery.

23. As a direct and proximate result of Defendant, Travelers Transportation Service's actions, Plaintiff, Patricia E. Slattery, sustained substantial harm including, but not limited to, personal injury, significant medical expenses for said injuries, and a diminished ability to enjoy life and to attend to usual activities.

WHEREFORE, the Plaintiff, Patricia E. Slattery, demands judgment against the Defendant, Travelers Transportation Service, in an amount to be determined by the Court to be fair and reasonable to compensate her for her injuries together with interest and costs.

### Count III - Michael B. Slattery v. Richard Howse

24. Plaintiff, Michael B. Slattery, repeats and realleges paragraphs 1 through 17 as if expressly set forth herein.

25. Defendant, Richard Howse, negligently and carelessly operated a motor vehicle so as to cause injury to the Plaintiff, Michael B. Slattery.

26. As a direct and proximate result of Defendant Richard Howse's actions, Plaintiff, Michael B. Slattery, sustained substantial harm including, but not limited to, loss of consortium and a diminished ability to enjoy life and to attend to usual activities.

Laws Chapters 93A Section 9, and together with attorney fees, interest and costs as permitted by law.

                                            Respectfully submitted,
                                            By their attorney,

                                            Neil Burns, BBO #546051
                                            Keith Slattery, BBO #652499
                                            Law Office of Neil Burns
                                            Six Beacon Street, Suite 600
                                            Boston, Massachusetts 02108
September 14, 2004                     (617) 227-7423

## LAW OFFICE OF NEIL BURNS
6 BEACON STREET
SUITE 600
BOSTON, MASSACHUSETTS 02108
617-227-7423
617-227-0691 - facsimile

NEIL BURNS
KEITH P. SLATTERY

ROBERT M. NATHAN
OF COUNSEL

CERTIFIED MAIL RETURN RECEIPT REQUESTED &
FACSIMILE (905) 629-5008

May 7, 2004

Ms. Penny Pallett
Kingsway General Insurance Company
5310 Explorer Drive
Mississauga, Ontario
Canada L4W4J6

RE:   **Our Clients: Patricia Slattery, Michael Slattery, Michael Slattery, Jr.**
      **Your Insured: Travelers Transportation Services**
      **Date of Accident: July 30, 2002**
      **Your Claim Number: 99-651**

Dear Ms. Pallett:

As you know, this office represents the above named clients for injuries sustained in a violent collision that occurred on July 30, 2002. The collision occurred when Richard Howse, an agent or employee of your insured, Travelers Transportation Service, rear-ended Ms. Slattery's vehicle in a high-speed collision that totally destroyed her vehicle. Mr. Howse was issued multiple citations for causing this accident.

I am writing to set forth demands pursuant to Massachusetts General Laws Chapter 93A and Chapter 176D. As an insurance institution that does business specially targeting interstate trucking in the Untied States, including transport through the Commonwealth of Massachusetts, Kingsway General Insurance Company (hereafter "Kingsway") must adhere to Massachusetts General Laws Chapter 93A and Chapter 176D. Kingsway insures the tortfeaser in this case, Travelers Transportation Services, who has an Interstate Federal Tax Association (IFTA) license for the explicate purpose of traveling on the highways of Massachusetts. Therefore, Kingsway owes a duty of fair practice to our client as a result of your insured's actions on the Massachusetts' highways. Pursuant to the statutes, you have thirty (30) days to respond to this letter or expose Kingsway to the full effect of this statute.

Law Office of Neil Burns
Page 2 of 4

The injuries sustained by my client, Patricia Slattery, are serious and debilitating. Our office has made multiple attempts to confirm the existence of coverage for this case, and to attempt to resolve this claim in which liability is indisputable. Richard Swierczynski of Cunningham & Lindsey, the adjuster and adjusting company hired to handle this claim ignored multiple letters dated August 1, 2002, August 26, 2002, September 3, 2002, September 11, 2002 and October 8, 2002. In addition, our office made telephone calls to Mr. Swierczynski on August 1, 2002, October 1, 2002 and October 4, 2002 to which there was no reply.

Furthermore, our office forwarded multiple letters dated December 6, 2002, December 13, 2002 and placed several telephone calls on December 5, 2002, December 6, 2002, and December 11, 2002 to you with no satisfactory response. Pursuant to Massachusetts General Laws, Chapter 175, §112C, correspondence requested the applicable bodily injury policy limits as they relate to this case. Kingsway has not only evaded these requests, but have intentionally concealed said policy limits. When directly question on one of the few times you were caught on the telephone, you stated to my associate on December 5, 2002 at 10:37 a.m. that you would not disclose the limits and to be "happy knowing that there should be sufficient limits" in this case.

On December 11, 2002 you stated that Kingsway would reimburse our client for the $500.00 deductible. On December 13, 2002, I forwarded a letter requesting the same. No response has ever been received by this office and no deductible has been forwarded. In that same conversation, you also stated that liability "does not appear to be an issue," however, Kingsway has refused to cooperate at with any requests or deliver on any agreements. Such agreements include: forwarding a copy of the police report, forwarding a copy of your insureds citations resulting from the collision, and responding to our requests for the availability of a medpay policy.

Kingsway's conduct in failing to cooperate with this claim has been deplorable in light of the serious collision resulting in devastating injuries to our client. In addition to the neglect of this claim by Kingsway as outlined above, Mr. Swierczynski fraudulently and deceitfully contacted my clients by leaving a message for them at the salvage yard their destroyed 1999 Ford Taurus was stored. The note said that my clients were not allowed to retrieve their belongings from their vehicle until they called Mr. Swierczynski, who portrayed himself as someone other than a representative of Kingsway.

The actions regarding this claim by Kingsway Insurance and its agent Mr. Swierczynski are outrageous, deceptive, and unfair, as well as in clear violation of Massachusetts General Laws Chapter 93A and Chapter 176D.

Considering that there can be no fair explanation for the acts of Kingsway in this case, demands are hereby made, pursuant to Massachusetts General Laws Chapter 93A, sections 2 and 9 for the settlement of this case. Pursuant to Massachusetts General Laws Chapter 176D, section 3(9)(f), KINGSWAY has a duty to "effectuate prompt, fair and equitable settlement of claims in which liability has become reasonably clear." Liability

Law Office of Neil Burns
Page 3 of 4

in this case is clear: Your insured was issued a citation for rear-ending our client on a highway. Telephone interviews with the Massachusetts State Police indicate that your insured operated his tractor-trailer with a great degree of negligence. The same facts will be heard by a trier of fact at trial.

Refusal to evaluate this claim constitutes unfair and deceptive acts as defined by M.G.L. Chapter 93A as codified by Chapter 176D section 3(9) (a), (b),(d),(g),(m), and (n). M.G.L. Chapter 176D §3(9)(a) defines an unfair claim settlement practice as consisting of "misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." Kingsway, and by incorporation of its agent Mr. Swierczynski who misrepresented himself, has falsely led this office into believing that request would be granted and documents would be produced as outlined above, with no intention of honoring or even reviewing the claim.

Refusal to evaluate this claim constitutes unfair and deceptive acts as defined by M.G.L. Chapter 176D §3(9)(b). Chapter 176D §3(9)(b) defines an unfair claim settlement practice as consisting of "[f]ailure to acknowledge and act reasonable and promptly upon communications with respect to claims arising out of insurance policies." Kingsway had no intention of honoring this claim or any of the promises that you made regarding presentment of documentation. In fact, Kingsway has ignored all requests for information despite the clear liability in this case, and has made no attempt to honor their responsibilities in this matter.

Denial of this claim constitutes unfair and deceptive acts as defined by M.G.L. Chapter 176D §3(9)(c). Chapter 176D §3(9)(c) defines an unfair claim settlement practice as consisting of "[r]efusal to pay claims without conducting a reasonable investigation based on all the available information." Kingsway has not followed through on its offer to pay our clients deductible and has made it clear through its actions that they will not cooperate in any reasonable investigation or evaluation of this claim with devastating damages. Kingsway has been arrogant in its assumption the there is "sufficient coverage" when Kingsway will not even assess the damages in this case.

Denial of this claim constitutes unfair and deceptive acts as defined by M.G.L. Chapter 176D §3(9)(g). Chapter 176D §3(9)(g) defines an unfair claim settlement practice as consisting of "[c]ompelling insureds to instigate litigation to recover amounts under an insurance policy by offering substantially less amounts than the amount ultimately recovered in actions by such insureds." It is apparent that my clients will be filing a lawsuit as soon as the timeframe under Massachusetts General Laws Chapter 93A has been satisfied as evidenced by Kingsway's neglect of this claim.

The violations of Massachusetts General Laws Chapter 176D, section 3 are violations of Massachusetts General Laws Chapter 93A, section 9. As a result of your failure to review this claim in any reasonably prompt manner, and as a result of your failure to effectuate communication in this claim, you have caused my client to be deprived the use of funds to which they were reasonably entitled. Our client has had to consider filing suit

Law Office of Neil Burns
Page 4 of 4

and incur costs because of your wrongful refusal to review this matter. If Kingsway continues to violate Massachusetts General Laws Chapter 93A and Chapter 176D, we will advise our clients to file lawsuits in Hampden Superior Court. (see enclosed complaint)

In addition, demand is also made, pursuant to Massachusetts General Laws, Chapter 175, §112C, to immediately forward $500 for failure to respond to our August 1, 2002 request for insurance policy limits, pursuant to law.

Pursuant to Massachusetts General Laws Chapter 93A you must respond to this letter within thirty (30) days. In the event that there is no adequate response to this letter, our client shall file a lawsuit and seek the treble damages and costs due to this outrageous conduct in neglecting such a serious case. Should you wish to discuss this matter, you should feel free to call me at any time.

Very truly yours,

Neil Burns

NB/ks
Enclosures

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, New York 10604   Tel: (914) 323-7000   Fax: (914) 323-7001
One Stamford Plaza, 263 Tresser Boulevard, 9th Fl., Stamford, CT 06901   Tel: (203) 564-1900   Fax: (203) 564-1402

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

www.wemed.com

May 17, 2004

**VIA FACSIMILE ONLY**

Law Office of Neil Burns
6 Beacon Street, Suite 600
Boston, Massachusetts 02108

Attn: Neil Burns, Esq.

    Re:  Claim of Patricia Slattery, et al.
           D/Loss                7/30/02
           Our File No.       05654.00077

Dear Mr. Burns:

    We are the National Coordinating Counsel for Kingsway General Insurance Company. We are in receipt of your letter, dated May 7, 2004, to Kingsway and kindly request that you direct all future correspondences regarding this matter to our offices.

    With respect to your above-referenced letter, we request that you cease and desist from any attempts to assert a claim under the Massachusetts General Laws Chapters 93A and 176D. At this time, these assertions are baseless and, if filed, will be premature. To date, Kingsway has not engaged in any practices that can be construed as acting in bad faith. Liability for the accident in question has not become reasonably clear, and there has not been any settlement demand or medical damages package provided by your offices.

    In your letter you make reference to requests made for the policy limits available and demand that Kingsway pay $500, pursuant to Massachusetts General Laws Chapter 175,§112C, for failure to respond to said request. Not only will this request not be complied with, but we maintain that Kingsway was under no obligation to make such disclosure. Massachusetts General Laws Chapter 175 §112C states that "any insurer **doing business in the Commonwealth**" shall disclose the available limits of liability policies when requested by the injured party or his/her attorney. However, this is not applicable here because Kingsway does not write insurance policies in the Commonwealth of Massachusetts, a point conceded by your associate, Keith Slattery, to the adjuster retained by Kingsway on or about August 26, 2002.

    Further, the allegations that Kingsway has refused to cooperate and evaluate this claim as well as the assertions the Kingsway has denied this claim are likewise erroneous. Contrary to your claims, Kingsway at no time represented that they would disclose the policy limits to your offices. On December 6, 2002, a representative of Kingsway informed your associate, Keith Slattery, that she could only advise that the limits were sufficient to cover the loss. Moreover,

710664.1

the Kingsway representative stated that the claim was still being investigated and that liability was not 100% clear. A request was made for any and all documentation of your client's injuries, which has been ignored by your offices.

Additionally, your claim that Kingsway failed to acknowledge and act reasonably upon communications regarding this claim is completely without merit. No communications were received from you by our client from December 2002 through May 2004. Kingsway did not promise to provide any documentation to your offices regarding this claim and to date we are unaware of any requests made by your offices for the production of information regarding this claim. As stated above, Kingsway requested at least once that you provide them with information regarding the bodily injuries allegedly sustained by your client so that the claim could be properly evaluated and an amicable settlement could be reached. However, this request was ignored by your offices. Liability is not clear in this case, and any claims to the contrary are mere fiction.

Moreover, Kingsway has not refused to pay on this claim, as no demand for payment has been made. Your letter refers to requests for Kingsway to reimburse your client for her insurance deductible, copies of the police report, copies of any citations issued and the availability of a medpay policy. To date, you client's insurer has not charged your client for her deductible, and thus Kingsway need not "reimburse" your client for monies not paid out by your client. Further, a copy of the police accident report is more than easily accessible by your offices and your client. Regardless of this fact, we have enclosed a copy for your review. No copies of any citations that may have been issued at the scene of the accident will be provided at this time.

Further, you claim that Kingsway has caused an insured to institute litigation to recover amounts under an insurance policy by offering less than ultimately recovered by the insured in legal actions. First, your client is not an insured of Kingsway. Second, **no litigation has been commenced and no amounts have been "ultimately recovered."** Thus, this claim is likewise fiction. Throughout your letter you make reference to "devastating damages" suffered by your client, yet you continually refuse to provide any proof of these alleged "devastating damages," thereby making it impossible for Kingsway to properly evaluate this claim and extend a fair settlement offer. Any delays, inconveniences, etc., that your client may have suffered are a direct result of inaction by your offices, and not due to unfair settlement practices by Kingsway.

Should you not wish to engage in settlement negotiations on this matter, please commence a lawsuit. We request that your offices provide us with courtesy copies of any pleadings filed and further request that you ensure that any and all named defendants be served according to appropriate federal laws and treaties. Once litigation has been commenced, we will immediately remove this case to the United States District Court for the District of Massachusetts. Thereafter, we will immediately file a motion to dismiss for improper service of process and a motion to dismiss the Massachusetts Unfair Trade Practices Claim. As is seen from the applicable case law, there is no basis for this claim. Thus, our only recourse will be to seek relief under Rule 11 of the Federal Rules of Civil Procedure, as we see no proper purpose for asserting such a claim.

In fact, the Superior Court of Massachusetts at Norfolk has stated that "in the context of insurance claims, the courts must be vigilant to ensure that plaintiffs do not engage in reverse bad faith conduct. The plaintiff has a reciprocal duty to be straightforward and forthcoming in providing the information necessary to the defendant's evaluation of the case." *Ward v. Liberty Mutual*, 1997 Mass. Super. LEXIS 231 (quoting *Parker v. D'Avolio*, 40 Mass. App. Ct. 394 (1996)).

This holding has been supported by the U.S. District Court for the District of Massachusetts in *Schultz v. Liberty Mutual*, 940 F. Supp. 27 (1996), wherein the Court stated "it is important that the defendant's conduct not be viewed in a vacuum, but rather that plaintiff's conduct also be considered." Here, it is not only clear that Kingsway has not acted in bad faith in their handling of this claim, it is also clear that your offices have not been forthcoming in providing information necessary to evaluate this claim.

Massachusetts law is clear that "liability" for purposes of bad faith settlement practices claims encompasses both fault as well as damages. As no information has been provided regarding fault and damages, liability is not, and cannot be, reasonably clear. Further, your "demand letter" of May 7, 2004, is deficient under Massachusetts law as it does not specifically set out the elements for which recovery is sought.

We do wish to engage in settlement negotiations with your office. We believe that a reasonable settlement can be reached and desire to keep the lines of communications between our respective offices open. We look forward to hearing from you soon with respect to the above-referenced items. Kindly provide our offices with a settlement demand package and a medical specials package as soon as possible so that we may get the negotiation process underway.

Thank you for your time and cooperation on this matter. Should you have any questions regarding this matter please feel free to contact the undersigned, or Francis McCabe, the associate assisting me on this matter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Brian Del Gatto

BDG/fjm

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 221 | Trial Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|

PLAINTIFF(S) Patricia E. Slattery and Michael B. Slattery

DEFENDANT(S) Richard House, Travelers Transportation Service, Inc., and Kingsway General Insurance Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 227-7423
Neil Burns, Law Office of Neil Burns
6 Beacon Street, Suite 600, Boston, MA 02108
Board of Bar Overseers number: 652499

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B03  TYPE OF ACTION (specify): MVA Personal Injury  TRACK: (F)  IS THIS A JURY CASE? ( ) Yes (X) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $30,000.00
2. Total Doctor expenses ... $5,000.00
3. Total chiropractic expenses ... $
4. Total physical therapy expenses ... $5,000.00
5. Total other expenses (describe) Braces, Medicine ... $2,000.00
   Subtotal $42,000.00
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ... $8,000.00
D. Reasonably anticipated future medical and hospital expenses ... $25,000.00
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Permanent disabling nerve, back, hip injury, among others
   $500,000.00
   TOTAL $575,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record     DATE: 7/16/07

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**LAW OFFICE OF NEIL BURNS**
SIX BEACON STREET
SUITE 600
BOSTON, MASSACHUSETTS 02108
617- 227-7423
FAX: 617-227-0691

NEIL BURNS
KEITH P. SLATTERY

ROBERT M. NATHAN
OF COUNSEL

September 16, 2004

Civil Business Division
Hampshire County Superior Court Department
15 Gothic Street
Post Office Box 1119
Northampton, Massachusetts 01060

**Re:   Patricia E. Slattery and Michael B. Slattery v. Richard Howse, Travelers Transportation Service, Inc., and Kingsway General Insurance Company**

Dear Sir or Madam:

Enclosed for filing please find a civil action cover sheet, plaintiff's Complaint as well as our check in the amount of $530.00 representing payment of the $515.00 filing fee plus $15.00 for three (3) Summons. Kindly forward the Summons to me in the enclosed self-addressed stamped envelope as well as a copy of the Complaint stamped with the docket number. I have enclosed an extra copy of the Complaint for your convenience.

Thank you.

Very truly yours,

Neil Burns

NB/af
Enclosures
Cc:   Ms. Patricia E. Slattery
        Mr. Michael B. Slattery

Commonwealth of Massachusetts
HAMPSHIRE SUPERIOR COURT
Case Summary
Civil Docket

## HSCV2004-00221
### Slattery et al v Howse et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 09/17/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 11/01/2004 | **Session** | A - Civil A- CtRm 2-3rd fl | | |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 12/16/2004 | **Answer** | 02/14/2005 | **Rule12/19/20** | 02/14/2005 |
| **Rule 15** | 02/14/2005 | **Discovery** | 07/14/2005 | **Rule 56** | 08/13/2005 |
| **Final PTC** | 09/12/2005 | **Disposition** | 11/11/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Patricia E. Slattery
Active 09/17/2004

**Private Counsel 652499**
Keith Slattery
Burns (Law Office of Neil)
6 Beacon Street Suite 600
Boston, MA 02108
Phone: 617-227-7423
Active 09/17/2004 Notify

*** See Attorney Information Above ***

**Plaintiff**
Michael B Slattery
Active 09/17/2004

**Private Counsel 546051**
Neil Burns
6 Beacon Street
Suite 600
Boston, MA 02108
Phone: 617-227-7423
Fax: 617-227-0691
Active 09/17/2004 Notify

*** See Attorney Information Above ***

**Defendant**
Richard Howse
Service pending 09/17/2004

**Defendant**
Travelers Transportation Service, Inc.
Served: 10/07/2004
Served (answr pending) 10/22/2004

MAS-20040909　　Case 3:04-cv-30209-MAP　Commonwealth of Massachusetts 11/03/2004　Page 15 of 15　　11/02/2004
shep　lp　　　　　　　　　　　　　　HAMPSHIRE SUPERIOR COURT　　　　　　　　　　　　　　　　　　　10:08 AM
Case Summary
Civil Docket

## HSCV2004-00221
### Slattery et al v Howse et al

**Defendant**
Kingsway General Insurance Company
Served: 09/29/2004
Served (answr pending) 10/14/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/17/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 09/17/2004 | | Origin 1, Type B03, Track F. |
| 09/17/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 09/17/2004 | | Tracking deadlines set and mailed to Attorney Burns. |
| 09/17/2004 | | Notice of 93A complaint sent to Attorney General in Boston and Springfield. |
| 10/14/2004 | 2.0 | SERVICE RETURNED: Kingsway General Insurance Company(Defendant) |
| 10/22/2004 | 3.0 | SERVICE RETURNED: Travelers Transportation Service,Inc.(Defendant) |
| 11/01/2004 | 4.0 | Notice for Removal to the United States District Court filed by Kingsway General Insurance Company |
| 11/01/2004 | | Case REMOVED this date to US District Court of Massachusetts. Certified copies of the entire file mailed to US District Court. |

### EVENTS